JUDGE SCHEINDLIN

JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 08-W-005-JK and 08-W-006-JK

08 CV 3729

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TM ASIA INSURANCE SINGAPORE, LTD. a/s/o
Perfumes Distributor, Inc.,

                          Plaintiff,

- against -

PRIMARY FREIGHT SERVICES, INC.,

                          Defendants.
-----------------------------------------------------------------x

APR 18 2008
U.S.D.C. S.D.N.Y.
ECF CASE
CASHIERS

08 Civ.        (    )

**COMPLAINT**

       Plaintiff, TM ASIA INSURANCE SINGAPORE, LTD., by its attorneys, Badiak & Will, LLP, alleges on information and belief as follows:

       1. All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

       2. At all times material hereto, plaintiff TM ASIA INSURANCE SINGAPORE, LTD., (hereinafter "TM Asia Insurance"), was and is a corporation organized and existing under and by virtue of the laws of a foreign state and provided all-risk ocean marine cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business c/o W K Webster (Overseas) Ltd., 80 Maiden Lane, New York, New York, 10038.

3. Plaintiff, TM Asia Insurance, has paid the consignee and owner of the shipments mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipments.

4. Defendant PRIMARY FREIGHT SERVICES, INC., (hereinafter "Primary Freight"), is a corporation or other business entity organized and existing under and by virtue of the law of a foreign state, with an office and place of business at 1435 Morris Avenue, 2nd Floor, Union, NJ 07083, and at all material times was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the M.V. OOCL CHINA and M.V. OOCL GERMANY as a general vessels engaged in the common carriage of merchandise by water for hire between, among others, the ports of Singapore and Miami, via New York.

## FIRST CAUSE OF ACTION

5. On or about March 26, 2007, at Singapore, the port of loading, there was shipped by Amjay Marketing, as shipper, and delivered to Primary Freight and the M.V. OOCL CHINA, as common carriers, a shipment consisting of 117 cartons of perfume, then being in good order and condition, and the defendant Primary Freight and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain

agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Miami, Florida, via New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Perfumes Distributor, Inc., the consignee, all in accordance with a bill of lading issued by Primary Freight and the aforementioned vessel numbered CLS/MIA4798 and dated on or about March 26, 2007.

6. Thereafter the said vessel arrived at the port of destination, where the defendant Primary Freight made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Primary Freight's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $40,000.00.

**SECOND CAUSE OF ACTION**

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "4.", inclusive, as if set forth herein at length.

9. On or about June 1, 2007, at Singapore, the port of loading, there was shipped by Amjay Marketing, as shipper, and delivered to Primary Freight and the M.V. OOCL GERMANY, as common carriers, a shipment consisting of 87 cartons of perfume, then being in good order and condition, and the defendant Primary Freight and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of

certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Miami, Florida, via New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Perfumes Distributor, Inc., the consignee, all in accordance with a bill of lading issued by Primary Freight and the aforementioned vessel numbered CLS/MIA4910 and dated on or about June 1, 2007.

10. Thereafter the said vessel arrived at the port of destination, where the defendant Primary Freight made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Primary Freight's obligations and duties as a common carrier of merchandise by water for hire.

11. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $57,000.00.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all their property within this District be attached in the sum of $97,000.00, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment may be entered in favor of plaintiff TM ASIA INSURANCE SINGAPORE, LTD., and against defendant, PRIMARY FREIGHT SERVICES, INC., on both

causes of action for the total amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

    4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: Mineola, New York
      April 18, 2008

                            BADIAK & WILL, LLP
                            Attorneys for Plaintiff

                            By: _____
                                JAMES P. KRAUZLIS (JK 4972)