COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel: (212) 509-9400
Fax: (212) 509-9492
David Y. Loh (DL 0460)

Attorneys for Defendant and Third Party Plaintiff
PRIMARY FREIGHT SERVICES, INC.
Our file: 223293

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TM ASIA INSURANCE SINGAPORE, LTD.
a/s/o Perfumes Distributors, Inc.,                          Docket No. 08 Civ. 3792 (SAS)

            Plaintiffs,

  - against -                                           **ANSWER TO COMPLAINT**

PRIMARY FREIGHT SERVICES, INC.;

            Defendant.
------------------------------------------------------------------X

      Defendant PRIMARY FREIGHT SERVICES, INC. ("PFS"), by its attorneys, COZEN O'CONNOR, answering plaintiff's complaint, says as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1," "2" and "3" of the Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

2. Admits that PFS is a California corporation and operates an office located at 1435 Morris Avenue, 2nd Floor, Union, New Jersey 07083, but except as specifically

admitted, denies each and every remaining allegation contained in paragraph "4" of the Complaint.

3. Admits that PFS's agent, Crimson Logistic Services Pte Ltd., received a certain shipment consisting of four (4) pallets said to contain 87 cartons in Singapore, issued house bill of lading No. CLS/MIA4798 dated March 26, 2007 and arranged for the transportation of said shipment to Miami, Florida, but except as specifically admitted, denied each and every remaining allegation contained in paragraph "5".

4. Admits that PFS arranged for the delivery of eighty-seven cartons of cargo to Perfume Distributors, Inc. without exception on or about May 2, 2007, but except as specifically admitted, denies each and every remaining allegation contained in paragraph "6" of the Complaint.

5. Denies each and every allegation contained in paragraph "7" of the Complaint.

6. With respect to paragraph "8" of the Complaint, PFS repeats, reiterates and realleges each and every denial in paragraphs "1" through "5" of this Answer with the same force and effect as if fully set forth herein.

7. Admits that PFS's agent, Crimson Logistic Services Pte Ltd., received a certain shipment consisting of four (4) pallets said to contain 87 cartons in Singapore, issued house bill of lading No. CLS/MIA4910 dated June 1, 2007 and arranged for the transportation of said shipment to Miami, Florida, but except as specifically admitted, denied each and every remaining allegation contained in paragraph "9".

8. Admits that PFS arranged for the delivery of eighty-seven cartons of cargo to

Perfume Distributors, Inc. without exception on or about July 12, 2007, but except as specifically admitted, denies each and every remaining allegation contained in paragraph "10" of the Complaint.

9. Denies each and every allegation contained in paragraph "11" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

10. Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

11. Plaintiff is not the real party in interest.

### THIRD AFFIRMATIVE DEFENSE

12. Defendant PFS is an agent for a disclosed principal.

### FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

### FIFTH AFFIRMATIVE DEFENSE

14. The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than PFS for whose acts said Defendant is not liable or responsible, and was not the result of any negligence, breach of contract, fault or want of care on the part of PFS.

### SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches.

### SEVENTH AFFIRMATIVE DEFENSE

16. PFS operates under certain standard terms and conditions. All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the subject of this action. The terms and conditions provide the specific bar to plaintiff's claims and exonerate defendant, PFS, in part from liability not to exceed a certain value of the cargo which is lost or damaged.

### EIGHTH AFFIRMATIVE DEFENSE

17. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which PFS has no liability.

### NINTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to name necessary and indispensable parties to this action.

### TENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

### ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

21. PFS states that plaintiff failed to provide proper instructions for the handling of the cargo.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. PFS claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, *et seq.*, the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, *et seq.* and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. PFS states that it is not responsible or liable for the action or inaction of any independent contractor.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. The claims asserted by plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26. Defendant PFS is not a "common carrier of merchandise by water" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot be held liable for plaintiff's claim for cargo loss or damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27. This Court lacks personal jurisdiction over defendant PFS in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

28. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and plaintiff's alleged damage would have occurred in or around the area of Singapore.

### TWENTIETH AFFIRMATIVE DEFENSE

29. *Forum non conveniens.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

30. The involved ocean carriers or NVOCCs, Hapag-Lloyd, NYK Lines and KASE Container Lines Ltd., issued their own master bills of lading for the subject shipment, HLCUSIN070313406, NYKS485476155, KASMIA63300 and KASMIAC76397, then PFS is entitled to benefit of any and all defenses, waivers, exceptions or qualifications set forth in the terms and conditions of said bills of

lading, including but not limited to any foreign forum selection clause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

31. PFS was hired primarily as a freight forwarder to arrange for transportation services and, as such, its duties and responsibilities are governed by the terms and conditions of its invoices issued in connection said shipments, including but not limited to a limitation of liability clause.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

32. In the event PFS is found to be a carrier, which is not admitted, then the duties and responsibilities of PFS will be governed by the terms and conditions of any applicable tariff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

33. In the event PFS is found to be a carrier, which is not admitted, then the terms and conditions of the PFS bill of lading will control. In particular, on the reverse side of said bill of lading, Clause 10 entitled "Shipper's Responsibility" states as follows:

> A. The Shipper warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Shipper upon receipt of this Bill of Lading, and htat such particulars furnished by, or on behalf of the Shipper are correct.
> B. **The Shipper shall indemnify the Carrier against all loss, damage, or expenses arising, or resulting from inaccuracies or inadequacy of such particulars.**
> (emphasis added).

**WHEREFORE**, defendant PRIMARY FREIGHT SERVICES, INC. prays:

a.   this Court dismiss the complaint filed in this action, together with costs and disbursements, including reasonable attorneys' fees and expenses, and enter a judgment in favor of PRIMARY FREIGHT SERVICES, INC. for each of the causes of actions asserted in this Complaint, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated: June 30, 2008
       New York, New York

                      COZEN O'CONNOR
                      Attorneys for Defendant
                      PRIMARY FREIGHT SERVICES, INC.

                      By: _____
                      David Y. Loh (DL 0460)
                      45 Broadway Atrium, Suite 1600
                      New York, New York  10006-3792
                      Tel. (212) 509-9400
                      Fax. (212) 509-9492
                      File No.: 223293

TO:

BADIAK & WILL, LLC
Attorneys for Plaintiff
106 Third Street
Mineola, New York  11501

Attention: James P. Krauzlis, Esq.
Ref:  08-W-005-JK and 08-W-006-JK

NEWYORK_DOWNTOWN\384796\1 223293.000

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Esther Goldschlager, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in New York, New York. On June 30, 2008, I served the within *Answer to Complaint* by depositing true copies thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following at the address set forth below:

James P. Krauzlis, Esq.
Badiak & Will, LLC
106 Third Street
Mineola, New York 11501

_____
Esther Goldschlager

Sworn to before me this 30th day
of June, 2008.

_____
Notary Public

WILLIAM BROUDY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 60-5468372
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES: JULY 31, 2010

NEWYORK_DOWNTOWN\384929\1 223293.000