COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel: (212) 509-9400
Fax: (212) 509-9492
David Y. Loh (DL 0460)

Attorneys for Defendant and Third Party Plaintiff
PRIMARY FREIGHT SERVICES, INC.
Our file: 223293

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TM ASIA INSURANCE SINGAPORE, LTD.
a/s/o Perfumes Distributors, Inc.,                                    Docket No. 08 Civ. 3792 (SAS)

                Plaintiffs,
   - against -                                                       **THIRD PARTY COMPLAINT**

PRIMARY FREIGHT SERVICES, INC.;

                Defendant.
-----------------------------------------------------------------X
PRIMARY FREIGHT SERVICES, INC.,

                Third Party Plaintiffs,
   -against-

NYK LINE; NIPPON YUSEN KAISHA LINE;
NYK LINE (NORTH AMERICA) INC.;
HAPAG-LLOYD CONTAINER LINIE GMBH;
HAPAG-LLOYD (AMERICA) INC.;
KASE CONTAINER LINE LTD.; KASE
LINES (S) PTE LTD.; KASE LOGISTICS
(S) PTE LTD.; TOP CONTAINER LINE, INC.;
CRIMSON LOGISTIC SERVICES PTE LTD.;
VEECO CREST CFS; CARGO CONNECTION
LOGISTICS and RAMY TRANSPORT CORP.;

                Third Party Defendants.
-----------------------------------------------------------------X

[RECEIVED JUN 30 2008 U.S.D.C. S.D.N.Y. CASHIERS stamp]

Pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. (hereinafter referred to as "PFS"), by its attorneys, COZEN O'CONNOR, as and for a third party complaint against defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS and RAMY TRANSPORT CORP. alleges upon information and belief as follows:

1.      Defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. is a California corporation with a place of business located at 1435 Morris Avenue, 2nd Floor, Union, New Jersey 07083.

2.      Third party defendant NYK LINE is a foreign corporation organized under the laws of Japan with a place of business located at N.Y. K. Building, 3-2, Marunouchi 2-chome, Chiyoda-ku, Tokyo 100-0005, JAPAN.

3.      Third party defendant NIPPON YUSEN KAISHA is a foreign corporation organized under the laws of Japan with a place of business located at N.Y. K. Building, 3-2, Marunouchi 2-chome, Chiyoda-ku, Tokyo 100-0005, JAPAN.

4.      Third party defendant NYK LINE (NORTH AMERICA) INC. is a New Jersey corporation with a principal place of business located at 300 Lighting Way, Secaucus, New Jersey 07094.

5.  Third party defendant HAPAG-LLOYD CONTAINER LINIE GMBH is a foreign corporation organized under the laws of the Germany with a principal place of business located at Area North, Senator-Bortscheller-Str. 1, Terminal Vesses Operation, D-27568, Bremerhaven, Germany.

6.  Third party defendant HAPAG-LLOYD (AMERICA) LTD. is a corporation or other business entity organized under the laws of New Jersey with a principal place of business located at 377 Hoes Lane, Piscataway, New Jersey 08854.

7.  Third party defendant KASE CONTAINER LINE LTD. is a corporation or other business entity organized under the laws of Singapore with a principal place of business located at 19 Carpenter Street, #01-01, Singapore 059908.

8.  Third party defendant KASE LINES (S) PTE LTD. is a corporation or other business entity organized under the laws of Singapore with a principal place of business located at 19 Carpenter Street, #01-01, Singapore 059908.

9.  Third party defendant TOP CONTAINER LINE, INC. is a California corporation with a place of business located at 8901 Kennedy Blvd., Suite #4SE (4th FL.), North Bergen, New Jersey 07047.

10. Third party defendant CRIMSON LOGISTIC SERVICES PTE LTD is a Singaporean corporation with a principal place of business located at Blk 1001, Jalan Bukit Merah #07-12, Redhill Industrial Estate, Singapore 159455.

11. Third party defendant VEECO CREST CFS is a New Jersey corporation with a principal place of business located at 6801 Westside Avenue, North Bergen, New Jersey

07047.

12. Third party defendant CARGO CONNECTION LOGISTICS is a New York corporation with a principal place of business located at 600 Bayview Avenue, Inwood, New York 11096.

13. Third party defendant RAMY TRANSPORT CORP. is a Florida corporation with a principal place of business located at 8440 S.W. 38 Street, #4, Miami, Florida 33155.

14. Plaintiff TM ASIA INSURANCE SINGAPORE, LTD. as subrogee of Perfumes Distributor, Inc. has filed suit against defendant PRIMARY FREIGHT SERVICES, INC. alleging transit-related damage to two (2) shipments of imported perfume in the amount of Ninety-Seven Thousand Dollars ($97,000.00). This shipment was delivered to defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS and RAMY TRANSPORT CORP. (collectively referred to herein as "third party defendants") in the port designated and prepared or otherwise made suitable for inter-modal transportation of the aforesaid shipments of imported perfumes (hereinafter "the cargo") pursuant to Ocean bill of lading No. NYKS485476155 dated June 1, 2007; Booking Reference No. TPOINJ04690; Master bill of lading No. KASEMIA76397 dated June 2, 2007; Ocean bill of lading No. HLCUSIN070313406 dated March 29, 2007; Booking Reference No. TPOINJ04452; Master

bill of lading No. KASEMIA751211 dated March 28, 2007; transported the cargo from Singapore to Miami, Florida via New York, New York. Plaintiff alleges that defendant and third party plaintiff PFS received the cargo and did not deliver same in good order and condition as when shipped. A copy of the Complaint is annexed hereto as Exhibit "1".

15. Defendant and third party plaintiff PFS has denied each and every allegation of wrongdoing on the part of PFS with respect to the subject shipment. A copy of PFS's Answer is annexed hereto as Exhibit "2".

## STATEMENT OF THE CASE

16. On or about March 19, 2007 and again on May 23, 2007, non-party Amjay Marketing agreed to sell certain consignments of perfume for retail consumption to plaintiff's subrogor, Perfumes Distributors, Inc. The perfume was purchased by plaintiff's subrogor on the basis of FOB Singapore. Non-party Amjay Marketing was responsible for packaging and palletizing the cargo in Singapore prior to presentation to the third party defendants for transportation to the U.S.

17. Plaintiff alleges that the cargo consisted of: (a) 87 boxes said to contain 4,395 pieces of perfume which were placed onto four (4) pallets ("Shipment 1") and (b) 117 boxes said to contain 5922 pieces of perfume which were placed onto four (4) pallets ("Shipment 2"). Non-party Amjay Marketing presented the cargo in palletized form to third party defendants who stuffed Shipment 1 into Container No. TTNU9984656 and stuffed Shipment 2 into Container No. HLXU6496440.

18. Plaintiff alleges that various pieces of perfume which were packed into

5

cardboard boxes, and these boxes were placed onto pallets which were then shrink-wrapped.

19. Third party defendants each had, personally or through agents, exercised custody and control over the cargo throughout storage, handling and transit from Singapore to Miami, Florida.

20. With respect to Shipment 1, the cargo was delivered to plaintiff's subrogor on or about July 12, 2007 and no exceptions were taken to the physical condition of the cargo by plaintiff's subrogor.

21. With respect to Shipment 2, the cargo was delivered by plaintiff's subrogor on or about May 2, 2007 and no exceptions were taken to the physical condition of the cargo by plaintiff's subrogor.

22. With respect to both shipment, plaintiff's subrogor alleges that upon opening of the various cardboard boxes said to contain pieces of perfume, it was discovered that the cardboard boxes were empty. Plaintiff's subrogor further alleges that the perfume was removed from the various cardboard boxes, then the cardboard boxes were re-taped, placed back on the pallets and then re-shrink-wrapped. All of this was allegedly accomplished during transit.

23. Third party defendants, and their servants, agents or employees had exclusive care, custody and control of the cargo from Singapore to Miami, Florida.

## AS AND FOR PFS'S FIRST CAUSE OF ACTION
## (CONTRIBUTION AND INDEMNITY)

24. PFS, hereby repeats and realleges Paragraphs "1" through "23" of this third party complaint, as if fully set forth herein.

25. Plaintiff asserts, in the underlying Complaint, that PFS is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to third party defendants in this action. PFS denies any liability thereunder; however, in the event that PFS is found liable, it would show that plaintiff's damages resulted from third party defendants' failure to comport with standards of care accepted in the industry, and/or resulted from third party defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to third party defendants' custody and/or control.

26. PFS has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees, as a result of the action or inaction of third party defendants herein.

27. In the event that plaintiff's damages resulted from the negligence, breach of contract, or breach of some other duty by third party defendants, all actions by PFS were merely constructive, technical, vicarious, subordinate, and/or passive and therefore, PFS is entitled to contribution and/or indemnity, equitable or otherwise, from third party defendants, in an amount equal to the sum of any judgment, together with any attorneys' fees and disbursements of this action.

7

## AS AND FOR PFS'S SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

28. PFS hereby repeats and realleges paragraphs "1" through "27" of the third party complaint, as if fully set forth herein.

29. Plaintiff asserts, in the underlying Complaint, that PFS is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to third party defendants in said action. PFS denies any liability thereunder; however, in the event that PFS is found liable, it would show that plaintiff's damages resulted from third party defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said third party defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to third party defendants' custody and/or control.

30. Third party defendants entered into contracts of carriage, or contracts incident to carriage with PFS, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

31. Third party defendants breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

32. PFS has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the third party defendants herein.

33. Should third party defendants' breach of their duties, contractual or otherwise,

proximately result in a judgment against PFS, PFS shall be entitled to recovery for said breach, as against said third party defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR PFS'S THIRD CAUSE OF ACTION
### (NEGLIGENCE)

34. PFS hereby repeats and realleges paragraphs "1" through "33" of the third party complaint, as if fully set forth herein.

35. Plaintiff asserts, in the underlying Complaint, that PFS is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to defendants in said action. PFS denies any liability thereunder; however, in the event that PFS is found liable, it would show that plaintiff's damages resulted from third party defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said third party defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to third party defendants' custody and/or control.

36. PFS has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the THIRD PARTY DEFENDANT herein.

37. Should third party defendants' breach of their duties of care, as imposed by industry standards and/or statute and/or otherwise, proximately result in a judgment against PFS, PFS shall be entitled to recovery for said negligence, as against third party defendants, for

the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

WHEREFORE, defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. prays:

a. That process in due form of law according to the rules and practices of this Honorable Court may issue against third party defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS and RAMY TRANSPORT CORP. citing them to appear and answer under oath the complaint and third party complaint; and

b. Demand judgment against third party defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS and RAMY TRANSPORT CORP., jointly and severally, for all sums that may be adjudged against defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. in the event plaintiff successfully recovers from defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC., together with costs and disbursements of

this action including attorneys fees and expenses.

Dated: June 30, 2008
      New York, New York

                              COZEN O'CONNOR
                              Attorneys for Defendant and Third Party Plaintiff
                              PRIMARY FREIGHT SERVICES, INC.

By: ___/s/ David Y. Loh___
      David Y. Loh (DL 0460)
      45 Broadway Atrium, Suite 1600
      New York, New York 10006-3792
      Tel. (212) 509-9400
      Fax. (212) 509-9492
      File No.: 223293

NEWYORK_DOWNTOWN\384795\1  223293.000

11

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

      Esther Goldschlager, being duly sworn, deposes and says:

      I am not a party to this action, am over 18 years of age, and reside in New York, New York. On June 30, 2008, I served the within *Third Party Complaint* by depositing true copies thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following at the address set forth below:

      James P. Krauzlis, Esq.
      Badiak & Will, LLC
      106 Third Street
      Mineola, New York 11501

                                        _____
                                                        Esther Goldschlager

Sworn to before me this 30th day
of June, 2008.

_____
Notary Public

                        WILLIAM BROUDY
                NOTARY PUBLIC, STATE OF NEW YORK
                         NO. 60-5468372
                QUALIFIED IN WESTCHESTER COUNTY
                COMMISSION EXPIRES: JULY 31, 2010

NEWYORK_DOWNTOWN\384935\1 223293.000