COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel: (212) 509-9400
Fax: (212) 509-9492
David Y. Loh (DL 0460)

Attorneys for Defendant and Third Party Plaintiff
PRIMARY FREIGHT SERVICES, INC.
Our file: 223293

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TM ASIA INSURANCE SINGAPORE, LTD.
a/s/o Perfumes Distributors, Inc.,

                 Plaintiffs,

   -   against -

PRIMARY FREIGHT SERVICES, INC.;

                 Defendant.
-----------------------------------------------------------------X
PRIMARY FREIGHT SERVICES, INC.,

               Third Party Plaintiffs,

     -against-

NYK LINE; NIPPON YUSEN KAISHA LINE;
NYK LINE (NORTH AMERICA) INC.;
HAPAG-LLOYD CONTAINER LINIE GMBH;
HAPAG-LLOYD (AMERICA) INC.;
KASE CONTAINER LINE LTD.; KASE
LINES (S) PTE LTD.; KASE LOGISTICS
(S) PTE LTD.; TOP CONTAINER LINE, INC.;
CRIMSON LOGISTIC SERVICES PTE LTD.;
VEECO CREST CFS; CARGO CONNECTION
LOGISTICS; RAMY TRANSPORT CORP.;
HEAT EXPRESS and THE HEAT EXPRESS, INC.

               Third Party Defendants.
-----------------------------------------------------------------X

RECEIVED
JUL 08 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Docket No. 08 Civ. 3729 (SAS)

**AMENDED**
**THIRD PARTY COMPLAINT**

Pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. (hereinafter referred to as "PFS"), by its attorneys, COZEN O'CONNOR, as and for a third party complaint against defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE HEAT EXPRESS, INC. alleges upon information and belief as follows:

1.      Defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. is a California corporation with a place of business located at 1435 Morris Avenue, 2nd Floor, Union, New Jersey 07083.

2.      Third party defendant NYK LINE is a foreign corporation organized under the laws of Japan with a place of business located at N.Y. K. Building, 3-2, Marunouchi 2-chome, Chiyoda-ku, Tokyo 100-0005, JAPAN.

3.      Third party defendant NIPPON YUSEN KAISHA is a foreign corporation organized under the laws of Japan with a place of business located at N.Y. K. Building, 3-2, Marunouchi 2-chome, Chiyoda-ku, Tokyo 100-0005, JAPAN.

4.      Third party defendant NYK LINE (NORTH AMERICA) INC. is a New Jersey corporation with a principal place of business located at 300 Lighting Way, Secaucus, New Jersey 07094.

2

5.      Third party defendant HAPAG-LLOYD CONTAINER LINIE GMBH is a foreign corporation organized under the laws of the Germany with a principal place of business located at Area North, Senator-Bortscheller-Str. 1, Terminal Vesses Operation, D-27568, Bremerhaven, Germany.

6.      Third party defendant HAPAG-LLOYD (AMERICA) LTD. is a corporation or other business entity organized under the laws of New Jersey with a principal place of business located at 377 Hoes Lane, Piscataway, New Jersey  08854.

7.      Third party defendant KASE CONTAINER LINE LTD. is a corporation or other business entity organized under the laws of Singapore with a principal place of business located at 19 Carpenter Street, #01-01, Singapore 059908.

8.      Third party defendant KASE LINES (S) PTE LTD. is a corporation or other business entity organized under the laws of Singapore with a principal place of business located at 19 Carpenter Street, #01-01, Singapore 059908.

9.      Third party defendant TOP CONTAINER LINE, INC. is a California corporation with a place of business located at 8901 Kennedy Blvd., Suite #4SE (4th FL.), North Bergen, New Jersey  07047.

10.      Third party defendant CRIMSON LOGISTIC SERVICES PTE LTD is a Singaporean corporation with a principal place of business located at Blk 1001, Jalan Bukit Merah #07-12, Redhill Industrial Estate, Singapore 159455.

11.      Third party defendant VEECO CREST CFS is a New Jersey corporation with a principal place of business located at 6801 Westside Avenue, North Bergen, New Jersey

07047.

12.     Third party defendant CARGO CONNECTION LOGISTICS is a New York corporation with a principal place of business located at 600 Bayview Avenue, Inwood, New York 11096.

13.     Third party defendant RAMY TRANSPORT CORP. is a Florida corporation with a principal place of business located at 8440 S.W. 38 Street, #4, Miami, Florida 33155.

14.     Third party defendant HEAT EXPRESS is a Florida corporation or other business entity with a principal place of business located at 7301 S.W. 133 Avenue, Miami, Florida 33183.

15.     Third party defendant THE HEAT EXPRESS, INC. is a Florida corporation with a principal place of business located at 8811 NW 23rd Street, Miami, Florida 33172.

16.     Plaintiff TM ASIA INSURANCE SINGAPORE, LTD. as subrogee of Perfumes Distributor, Inc. has filed suit against defendant PRIMARY FREIGHT SERVICES, INC. alleging transit-related damage to two (2) shipments of imported perfume in the amount of Ninety-Seven Thousand Dollars ($97,000.00).  This shipment was delivered to defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE HEAT EXPRESS, INC. (collectively referred to herein as "third party

4

defendants") in the port designated and prepared or otherwise made suitable for inter-modal transportation of the aforesaid shipments of imported perfumes (hereinafter "the cargo") pursuant to Ocean bill of lading No. NYKS485476155 dated June 1, 2007; Booking Reference No. TPOINJ04690; Master bill of lading No. KASEMIA76397 dated June 2, 2007; Ocean bill of lading No. HLCUSIN070313406 dated March 29, 2007; Booking Reference No. TPOINJ04452; Master bill of lading No. KASEMIA751211 dated March 28, 2007; transported the cargo from Singapore to Miami, Florida via New York, New York. Plaintiff alleges that defendant and third party plaintiff PFS received the cargo and did not deliver same in good order and condition as when shipped. A copy of the Complaint is annexed hereto as Exhibit "1".

17.    Defendant and third party plaintiff PFS has denied each and every allegation of wrongdoing on the part of PFS with respect to the subject shipment. A copy of PFS's Answer is annexed hereto as Exhibit "2".

## STATEMENT OF THE CASE

18.    On or about March 19, 2007 and again on May 23, 2007, non-party Amjay Marketing agreed to sell certain consignments of perfume for retail consumption to plaintiff's subrogor, Perfumes Distributors, Inc. The perfume was purchased by plaintiff's subrogor on the basis of FOB Singapore. Non-party Amjay Marketing was responsible for packaging and palletizing the cargo in Singapore prior to presentation to the third party defendants for transportation to the U.S.

19.    Plaintiff alleges that the cargo consisted of:  (a) 87 boxes said to contain 4,395

5

pieces of perfume which were placed onto four (4) pallets ("Shipment 1") and (b) 117 boxes said to contain 5922 pieces of perfume which were placed onto four (4) pallets ("Shipment 2"). Non-party Amjay Marketing presented the cargo in palletized form to third party defendants who stuffed Shipment 1 into Container No. TTNU9984656 and stuffed Shipment 2 into Container No. HLXU6496440.

20.     Plaintiff alleges that various pieces of perfume which were packed into cardboard boxes, and these boxes were placed onto pallets which were then shrink-wrapped.

21.     Third party defendants each had, personally or through agents, exercised custody and control over the cargo throughout storage, handling and transit from Singapore to Miami, Florida.

22.     With respect to Shipment 1, the cargo was delivered to plaintiff's subrogor on or about July 12, 2007 and no exceptions were taken to the physical condition of the cargo by plaintiff's subrogor.

23.     With respect to Shipment 2, the cargo was delivered by plaintiff's subrogor on or about May 2, 2007 and no exceptions were taken to the physical condition of the cargo by plaintiff's subrogor.

24.     With respect to both shipment, plaintiff's subrogor alleges that upon opening of the various cardboard boxes said to contain pieces of perfume, it was discovered that the cardboard boxes were empty.  Plaintiff's subrogor further alleges that the perfume was removed from the various cardboard boxes, then the cardboard boxes were re-taped, placed back on the pallets and then re-shrink-wrapped.  All of this was allegedly accomplished during

6

transit.

25.     Third party defendants, and their servants, agents or employees had exclusive care, custody and control of the cargo from Singapore to Miami, Florida.

## AS AND FOR PFS'S FIRST CAUSE OF ACTION
## (CONTRIBUTION AND INDEMNITY)

26.     PFS, hereby repeats and realleges Paragraphs "1" through "25" of this third party complaint, as if fully set forth herein.

27.     Plaintiff asserts, in the underlying Complaint, that PFS is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to third party defendants in this action.  PFS denies any liability thereunder; however, in the event that PFS is found liable, it would show that plaintiff's damages resulted from third party defendants' failure to comport with standards of care accepted in the industry, and/or resulted from third party defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to third party defendants' custody and/or control.

28.     PFS has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees, as a result of the action or inaction of third party defendants herein.

29.     In the event that plaintiff's damages resulted from the negligence, breach of contract, or breach of some other duty by third party defendants, all actions by PFS were merely constructive, technical, vicarious, subordinate, and/or passive and therefore, PFS is entitled to contribution and/or indemnity, equitable or otherwise, from third party defendants,

7

in an amount equal to the sum of any judgment, together with any attorneys' fees and disbursements of this action.

**AS AND FOR PFS'S SECOND CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

30.     PFS hereby repeats and realleges paragraphs "1" through "29" of the third party complaint, as if fully set forth herein.

31.     Plaintiff asserts, in the underlying Complaint, that PFS is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to third party defendants in said action.  PFS denies any liability thereunder; however, in the event that PFS is found liable, it would show that plaintiff's damages resulted from third party defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said third party defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to third party defendants' custody and/or control.

32.     Third party defendants entered into contracts of carriage, or contracts incident to carriage with PFS, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

33.     Third party defendants breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

34.     PFS has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the third

8

party defendants herein.

35.    Should third party defendants' breach of their duties, contractual or otherwise, proximately result in a judgment against PFS, PFS shall be entitled to recovery for said breach, as against said third party defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR PFS'S THIRD CAUSE OF ACTION
### (NEGLIGENCE)

36.    PFS hereby repeats and realleges paragraphs "1" through "35" of the third party complaint, as if fully set forth herein.

37.    Plaintiff asserts, in the underlying Complaint, that PFS is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to defendants in said action.  PFS denies any liability thereunder; however, in the event that PFS is found liable, it would show that plaintiff's damages resulted from third party defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said third party defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to third party defendants' custody and/or control.

38.    PFS has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the THIRD PARTY DEFENDANT herein.

39.    Should third party defendants' breach of their duties of care, as imposed by

9

industry standards and/or statute and/or otherwise, proximately result in a judgment against PFS, PFS shall be entitled to recovery for said negligence, as against third party defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

**WHEREFORE,** defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. prays:

a.    That process in due form of law according to the rules and practices of this Honorable Court may issue against third party defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE HEAT EXPRESS, INC. citing them to appear and answer under oath the complaint and third party complaint; and

b.    Demand judgment against third party defendants NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINIE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE

HEAT EXPRESS, INC., jointly and severally, for all sums that may be adjudged against defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC. in the event plaintiff successfully recovers from defendant and third party plaintiff PRIMARY FREIGHT SERVICES, INC., together with costs and disbursements of this action including attorneys fees and expenses.

Dated: July 3, 2008
      New York, New York

                COZEN O'CONNOR
                Attorneys for Defendant and Third Party Plaintiff
                PRIMARY FREIGHT SERVICES, INC.

                By: _____
                David Y. Loh (DL 0460)
                45 Broadway Atrium, Suite 1600
                New York, New York  10006-3792
                Tel. (212) 509-9400
                Fax. (212) 509-9492
                File No.: 223293

NEWYORK_DOWNTOWN\386234\1  223293.000

# EXHIBIT "1"

9775196620

JUDGE SCHEINDLIN
~~JAMES KRAUZLIS~~, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 08-W-005-JK and 08-W-006-JK

**08 CV 3729**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

TM ASIA INSURANCE SINGAPORE, LTD. a/s/o
Perfumes Distributor, Inc.,

APR 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

08 Civ.    (    )

                              Plaintiff,

**COMPLAINT**

- against -

PRIMARY FREIGHT SERVICES, INC.,

                              Defendants.

------------------------------------------------x

Plaintiff, TM ASIA INSURANCE SINGAPORE, LTD., by its attorneys, Badiak &

Will, LLP, alleges on information and belief as follows:

1.    All and singular the following premises are true and constitute admiralty or

maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within

the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2.    At all times material hereto, plaintiff TM ASIA INSURANCE SINGAPORE,

LTD., (hereinafter "TM Asia Insurance"), was and is a corporation organized and existing under

and by virtue of the laws of a foreign state and provided all-risk ocean marine cargo insurance for

the subject shipments hereinafter described, and maintained an office and place of business c/o W

K Webster (Overseas) Ltd., 80 Maiden Lane, New York, New York, 10038.

3. Plaintiff, TM Asia Insurance, has paid the consignee and owner of the shipments mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipments.

4. Defendant PRIMARY FREIGHT SERVICES, INC., (hereinafter "Primary Freight"), is a corporation or other business entity organized and existing under and by virtue of the law of a foreign state, with an office and place of business at 1435 Morris Avenue, 2nd Floor, Union, NJ 07083, and at all material times was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the M.V. OOCL CHINA and M.V. OOCL GERMANY as a general vessels engaged in the common carriage of merchandise by water for hire between, among others, the ports of Singapore and Miami, via New York.

## FIRST CAUSE OF ACTION

5. On or about March 26, 2007, at Singapore, the port of loading, there was shipped by Amjay Marketing, as shipper, and delivered to Primary Freight and the M.V. OOCL CHINA, as common carriers, a shipment consisting of 117 cartons of perfume, then being in good order and condition, and the defendant Primary Freight and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain

-- 2 --

agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Miami, Florida, via New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Perfumes Distributor, Inc., the consignee, all in accordance with a bill of lading issued by Primary Freight and the aforementioned vessel numbered CLS/MIA4798 and dated on or about March 26, 2007.

6. Thereafter the said vessel arrived at the port of destination, where the defendant Primary Freight made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Primary Freight's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $40,000.00.

## SECOND CAUSE OF ACTION

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "4.", inclusive, as if set forth herein at length.

9. On or about June 1, 2007, at Singapore, the port of loading, there was shipped by Amjay Marketing, as shipper, and delivered to Primary Freight and the M.V. OOCL GERMANY, as common carriers, a shipment consisting of 87 cartons of perfume, then being in good order and condition, and the defendant Primary Freight and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of

- 3 -

certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Miami, Florida, via New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Perfumes Distributor, Inc., the consignee, all in accordance with a bill of lading issued by Primary Freight and the aforementioned vessel numbered CLS/MIA4910 and dated on or about June 1, 2007.

10. Thereafter the said vessel arrived at the port of destination, where the defendant Primary Freight made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Primary Freight's obligations and duties as a common carrier of merchandise by water for hire.

11. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $57,000.00.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all their property within this District be attached in the sum of $97,000.00, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment may be entered in favor of plaintiff TM ASIA INSURANCE SINGAPORE, LTD., and against defendant, PRIMARY FREIGHT SERVICES, INC., on both

- 4 -

causes of action for the total amount of plaintiff's damages, together with interest and costs and the

disbursements of this action; and

        4.  That this Court will grant to plaintiff such other and further relief as may be just

and proper.


Dated: Mineola, New York
      April 18, 2008


                                BADIAK & WILL, LLP
                                Attorneys for Plaintiff

                        By:   _____
                              JAMES  P.  KRAUZLIS  (JK  4972)


                                                    –  5  –

# EXHIBIT "2"

COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York  10006-3792
Tel:  (212) 509-9400
Fax:  (212) 509-9492
David Y. Loh (DL 0460)

Attorneys for Defendant and Third Party Plaintiff
PRIMARY FREIGHT SERVICES, INC.
Our file:  223293

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TM ASIA INSURANCE SINGAPORE, LTD.
a/s/o Perfumes Distributors, Inc.,                              Docket No. 08 Civ. 3792 (SAS)

                    Plaintiffs,

          -   against -                                         **ANSWER TO COMPLAINT**

PRIMARY FREIGHT SERVICES, INC.;

                    Defendant.
-----------------------------------------------------------------X

        Defendant PRIMARY FREIGHT SERVICES, INC. ("PFS"), by its attorneys, COZEN

O'CONNOR, answering plaintiff's complaint, says as follows:

    1.  Denies knowledge or information sufficient to form a belief as to the truth of the

        allegations contained in paragraphs "1," "2" and "3" of the Complaint, and

        respectfully refers all questions of law for determination by this Court at time of

        trial.

    2.  Admits that PFS is a California corporation and operates an office located at 1435

        Morris Avenue, 2nd Floor, Union, New Jersey  07083, but except as specifically

admitted, denies each and every remaining allegation contained in paragraph "4" of the Complaint.

3. Admits that PFS's agent, Crimson Logistic Services Pte Ltd., received a certain shipment consisting of four (4) pallets said to contain 87 cartons in Singapore, issued house bill of lading No. CLS/MIA4798 dated March 26, 2007 and arranged for the transportation of said shipment to Miami, Florida, but except as specifically admitted, denied each and every remaining allegation contained in paragraph "5".

4. Admits that PFS arranged for the delivery of eighty-seven cartons of cargo to Perfume Distributors, Inc. without exception on or about May 2, 2007, but except as specifically admitted, denies each and every remaining allegation contained in paragraph "6" of the Complaint.

5. Denies each and every allegation contained in paragraph "7" of the Complaint.

6. With respect to paragraph "8" of the Complaint, PFS repeats, reiterates and realleges each and every denial in paragraphs "1" through "5" of this Answer with the same force and effect as if fully set forth herein.

7. Admits that PFS's agent, Crimson Logistic Services Pte Ltd., received a certain shipment consisting of four (4) pallets said to contain 87 cartons in Singapore, issued house bill of lading No. CLS/MIA4910 dated June 1, 2007 and arranged for the transportation of said shipment to Miami, Florida, but except as specifically admitted, denied each and every remaining allegation contained in paragraph "9".

8. Admits that PFS arranged for the delivery of eighty-seven cartons of cargo to

2

Perfume Distributors, Inc. without exception on or about July 12, 2007, but except as specifically admitted, denies each and every remaining allegation contained in paragraph "10" of the Complaint.

9. Denies each and every allegation contained in paragraph "11" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11. Plaintiff is not the real party in interest.

## THIRD AFFIRMATIVE DEFENSE

12. Defendant PFS is an agent for a disclosed principal.

## FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

## FIFTH AFFIRMATIVE DEFENSE

14. The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than PFS for whose acts said Defendant is not liable or responsible, and was not the result of any negligence, breach of contract, fault or want of care on the part of PFS.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches.

## SEVENTH AFFIRMATIVE DEFENSE

16. PFS operates under certain standard terms and conditions. All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the subject of this action. The terms and conditions provide the specific bar to plaintiff's claims and exonerate defendant, PFS, in part from liability not to exceed a certain value of the cargo which is lost or damaged.

## EIGHTH AFFIRMATIVE DEFENSE

17. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which PFS has no liability.

## NINTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to name necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

21. PFS states that plaintiff failed to provide proper instructions for the handling of the cargo.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. PFS claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, *et seq.*, the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, *et seq.* and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. PFS states that it is not responsible or liable for the action or inaction of any independent contractor.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. The claims asserted by plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

26. Defendant PFS is not a "common carrier of merchandise by water" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot be held liable for plaintiff's claim for cargo loss or damage.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

27. This Court lacks personal jurisdiction over defendant PFS in this matter.

**NINETEENTH AFFIRMATIVE DEFENSE**

28. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and plaintiff's alleged damage would have occurred in or around the area of Singapore.

**TWENTIETH AFFIRMATIVE DEFENSE**

29. *Forum non conveniens.*

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

30. The involved ocean carriers or NVOCCs, Hapag-Lloyd, NYK Lines and KASE Container Lines Ltd., issued their own master bills of lading for the subject shipment, HLCUSIN070313406, NYKS485476155, KASMIA63300 and KASMIAC76397, then PFS is entitled to benefit of any and all defenses, waivers, exceptions or qualifications set forth in the terms and conditions of said bills of

lading, including but not limited to any foreign forum selection clause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

31. PFS was hired primarily as a freight forwarder to arrange for transportation services and, as such, its duties and responsibilities are governed by the terms and conditions of its invoices issued in connection said shipments, including but not limited to a limitation of liability clause.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

32. In the event PFS is found to be a carrier, which is not admitted, then the duties and responsibilities of PFS will be governed by the terms and conditions of any applicable tariff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

33. In the event PFS is found to be a carrier, which is not admitted, then the terms and conditions of the PFS bill of lading will control. In particular, on the reverse side of said bill of lading, Clause 10 entitled "Shipper's Responsibility" states as follows:

> A. The Shipper warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Shipper upon receipt of this Bill of Lading, and htat such particulars furnished by, or on behalf of the Shipper are correct.
> B. **The Shipper shall indemnify the Carrier against all loss, damage, or expenses arising, or resulting from inaccuracies or inadequacy of such particulars.**
> (emphasis added).

7

**WHEREFORE**, defendant PRIMARY FREIGHT SERVICES, INC. prays:

a.      this Court dismiss the complaint filed in this action, together with costs and disbursements, including reasonable attorneys' fees and expenses, and enter a judgment in favor of PRIMARY FREIGHT SERVICES, INC. for each of the causes of actions asserted in this Complaint, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated:  June 30, 2008
        New York, New York

COZEN O'CONNOR
Attorneys for Defendant
PRIMARY FREIGHT SERVICES, INC.

By:

David Y. Loh (DL 0460)
45 Broadway Atrium, Suite 1600
New York, New York  10006-3792
Tel. (212) 509-9400
Fax. (212) 509-9492
File No.:  223293

TO:

BADIAK & WILL, LLC
Attorneys for Plaintiff
106 Third Street
Mineola, New York  11501

Attention:  James P. Krauzlis, Esq.
Ref:  08-W-005-JK and 08-W-006-JK

NEWYORK_DOWNTOWN\384796\1  223293.000

8

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF NEW YORK  )

        Esther Goldschlager, being duly sworn, deposes and says:

        I am not a party to this action, am over 18 years of age, and reside in New York, New York.  On July 7, 2008, I served the within *Amended Third Party Summons and Complaint* by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following at the address set forth below:

        James P. Krauzlis, Esq.
        Badiak & Will, LLC
        106 Third Street
        Mineola, New York 11501

                                _Esther Goldschlager_
                                  Esther Goldschlager

Sworn to before me this 7th day
    of July, 2008.

_____
    **Notary Public**

                        **WILLIAM BROUDY**
              **NOTARY PUBLIC, STATE OF NEW YORK**
                     **NO. 60-5468372**
            **QUALIFIED IN WESTCHESTER COUNTY**
         **COMMISSION EXPIRES: JULY 31, 2010**

NEWYORK_DOWNTOWN\384935\1  223293.000