POLIN, PRISCO & VILLAFANE, ESQS.
One School Street - Suite 206
Glen Cove, New York 11542
Tel: 516 671-5300
Fax: 516 671-3809
Andrew D. Polin, Esq. (ADP7804)
*Attorneys for Third-Party Defendant*
*Top Container Line, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TM ASIA INSURANCE SINGAPORE, LTD. a/s/o Perfumes Distributers, Inc.,

Plaintiffs,

-against-

PRIMARY FREIGHT SERVICES, INC.,

Defendant.
-----------------------------------------------------------------X
PRIMARY FREIGHT SERVICES, INC.,

Third-Party Plaintiff,

-against-

NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE HEAT EXPRESS, INC.,

Third-Party Defendants.
-----------------------------------------------------------------X

Docket No. 08 Civ. 3729 (SAS)

***ANSWER TO PLAINTIFF'S COMPLAINT***

Third-Party Defendant, TOP CONTAINER LINE, INC. (hereinafter "third-party defendant Top") by its attorneys, POLIN, PRISCO & VILLAFANE ESQS., as and for its Answer to the plaintiff's Complaint, shows to the Court and states:

1. Third-party defendant Top denies having knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth in the paragraph of the complaint marked and numbered “1" and refers all issues of law to the Court for resolution.

2. Third-party defendant Top denies having knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth in the paragraphs of the complaint marked and numbered “2", “3" and “4".

**ANSWERING THE FIRST CAUSE OF ACTION**

3. Third-party defendant Top denies having knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in the paragraphs of the complaint marked and numbered “5", “6" and “7".

**ANSWERING THE SECOND CAUSE OF ACTION**

4. Third-party defendant Top repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the allegations contained in the paragraphs of the complaint marked and numbered “1" through “4" as repeated and realleged in the paragraph marked and numbered “8" with the same force and effect as though here set forth in their entirety.

5. Third-party defendant Top denies having knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth in the paragraphs of the complaint marked and numbered “9", “10" and ‘11".

**FIRST AFFIRMATIVE DEFENSE**

6. Third-party defendant Top is not a common carrier or carrier in any category. It never had physical or constructive possession of the cargo/merchandise referred to in the complaint and is not responsible for the losses alleged in the complaint and cannot be held liable for such losses.

**SECOND AFFIRMATIVE DEFENSE**

7. Third-party defendant Top is not a "common carrier of merchandise by water" as that term is defined in the applicable federal statutes governing the transportation of goods for hire and it cannot therefore be held liable for plaintiff's claims for loss or damage to cargo.

**THIRD AFFIRMATIVE DEFENSE**

8. Plaintiff is not the real party in interest.

**FOURTH AFFIRMATIVE DEFENSE**

9. Third-party defendant Top acted as an agent for a disclosed principal as is therefore not liable for the losses alleged in the complaint.

**FIFTH AFFIRMATIVE DEFENSE**

10. Plaintiff is barred from prosecuting this action since it assumed all risks inherent in the transportation of the subject shipments.

**SIXTH AFFIRMATIVE DEFENSE**

11. The damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff's subrogor and/or persons and parties other than third-party defendant Top for whose acts it is not liable or responsible, and were not caused by any negligence, breach of contract, fault or want of care on the part of third-party defendant Top.

**SEVENTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches requiring that the complaint be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

13. Third-party defendant Top operated under standard terms and conditions which are hereby incorporated by reference and which governed the shipments that are the subject of this action. Those terms and conditions bar the prosecution of plaintiff's claims and exonerate third-party defendant Top for liability in excess of a specified value for the

merchandise which was allegedly lost.

**NINTH AFFIRMATIVE DEFENSE**

14. The loss alleged by plaintiff arose from the acts or omissions of the agents of plaintiff's subrogor for which third-party defendant Top is not liable.

**TENTH AFFIRMATIVE DEFENSE**

15. Plaintiff has failed to include necessary and indispensable parties as defendants in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred by the documents issued for the subject shipments including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

**TWELFTH AFFIRMATIVE DEFENSE**

17. Plaintiff and/or its subrogor failed to present a timely notice of claim. The instant lawsuit is therefore barred as a matter of law by applicable statutes of limitations and/or contractual periods of limitation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's subrogor failed to provide proper instructions for the safe handling of the shipments referred to in the complaint which caused or contributed to cause the losses alleged in the complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

19. Third-party defendant Top is entitled to the benefit of all exculpatory clauses or similar provisions which exclude or limit its liability and which are set forth in the documents issued in connection with the subject shipments and/or other documents deemed as contracts of carriage which exclude liability or limit same to $500 per package.

**FIFTEENTH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims are subject to the provisions of the United State Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, *et seq.*, the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, *et seq*. and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

**SIXTEENTH AFFIRMATIVE DEFENSE**

21. Third-party defendant Top is not responsible or liable for the actions or inaction of any independent contractor.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

22. The claims asserted by plaintiff are barred in whole or in part to the extent that they seek recovery of consequential damages, ancillary damages and/or economic losses.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23. This lawsuit is not properly venued in the U.S. District Court for the Southern District of New York in that the shipments referred to in the complaint did not travel in or through the state of New York; none of the operative facts took place in New York; the witnesses are not located within the said district, and the losses alleged in the complaint, if they occurred, took place outside of New York.

**NINETEENTH AFFIRMATIVE DEFENSE**

24. *Forum non conveniens*. This action should be transferred to another forum for the convenience of witnesses and in the interests of justice.

**TWENTIETH AFFIRMATIVE DEFENSE**

25. The involved ocean carriers or NVOCCs, Hapag-Lloyd, NYK Lines and KASE Container Lines Ltd., issued the master bills of lading for the subject shipment, HLCUSIN070313406, NYKKS485476155, KASMIA63300 and KASMIAC76397 and third-party defendant Top is entitled to the benefit of any and all defenses, waivers, limitations, exclusions,

exceptions and/or qualifications set forth in the terms and conditions of said bills of lading, including, but not limited to, any foreign forum selection and limitations upon liability.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

26. Third-party defendant Top is a freight consolidator whose duties and responsibilities are governed by the terms and conditions of the documents it issued in connection with the said shipments, including, but not limited to, limitations upon its liability, if any.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

27. In the event third-party defendant Top is found to be a carrier, which is denied, then its duties and responsibilities are governed by the terms and conditions of any applicable tariffs, statutes and contracts.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

28. In the event Top Container Line, Inc. is found to be a carrier, which is denied, then the terms and conditions of the applicable bills of lading will control, including Clause 10 titled “Shipper’s Responsibility” which provides:

> A. The Shipper warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Shipper upon receipt of this Bill of Lading, and that such particulars furnished by, or on behalf of the Shipper are correct.
>
> B. The Shipper shall identify the Carrier against all loss, damage, or expenses arising, or resulting from inaccuracies or inadequacy of such particulars.

**WHEREFORE**, third-party defendant Top Container Line, Inc. demands judgment dismissing plaintiff's complaint, together with the costs and disbursements of this action, including reasonable attorneys' fees and other expenses, and providing such other and further relief the Court deems appropriate.

Dated: Glen Cove, New York
August 12, 2008

POLIN, PRISCO & VILLAFANE, ESQS.

By: ______________________________

ANDREW D. POLIN, ESQ. (ADP7804)
*Attorneys for Third-Party Defendant,*
*TOP CONTAINER LINE, INC.*
One School Street - Suite 206
Glen Cove, New York 11542
(516) 671-5300

TO: BADIAK & WILL, LLC
*Attorneys for Plaintiff*
106 Third Street
Mineola, New York 11501

COZEN O'CONNOR
*Attorneys for Third-Party Plaintiff*
45 Broadway Atrium, Suite 1600
New York, New York 10006
Tel: 212 509-9400
Fax: 212 509-9492
File No.: 223293