POLIN, PRISCO & VILLAFANE, ESQS.
One School Street - Suite 206
Glen Cove, New York 11542
Tel: 516 671-5300
Fax: 516 671-3809
Andrew D. Polin, Esq. (ADP7804)
*Attorneys for Third-Party Defendant*
*Top Container Line, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TM ASIA INSURANCE SINGAPORE, LTD. a/s/o     Docket No. 08 Civ. 3729 (SAS)
Perfumes Distributers, Inc.,

                               Plaintiffs,            ***ANSWER TO AMENDED***
                                                                         ***THIRD-PARTY COMPLAINT***

       -against-

PRIMARY FREIGHT SERVICES, INC.,

                               Defendant.
------------------------------------------------------------------------X
PRIMARY FREIGHT SERVICES, INC.,

                               Third-Party Plaintiff,

       -against-

NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; TOP CONTAINER LINE, INC.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE HEAT EXPRESS, INC.,

                               Third-Party Defendants.
------------------------------------------------------------------------X

        Third-Party Defendant, TOP CONTAINER LINE, INC. (hereinafter "third-party defendant Top") by its attorneys, POLIN, PRISCO & VILLAFANE ESQS., as and for its Answer to the

Amended Third-Party Complaint of the third-party plaintiff, Primary Freight Services, Inc., shows to the Court and states:

1. Third-party defendant Top denies having knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth in the paragraphs of the amended third-party complaint marked and numbered "1", "2", "3", "4", "5", "6", "7", "8", "10", "11", "12", "13", "14", "15", "17", "18", "19", "20", "22", "23" and "24".

2. Third-party defendant Top admits the allegations set forth in the paragraph of the amended third-party complaint marked and number "9".

3. Third-party defendant Top denies the truth of each and every allegation set forth in the paragraphs of the amended third-party complaint marked and numbered "16", "21" and "25" insofar as they pertain to it, and denies having knowledge or information sufficient to form a belief as to the truth of those allegations insofar as the pertain to other parties.

### ANSWERING THE FIRST CAUSE OF ACTION

4. Third-party defendant Top repeats, reiterates and realleges the admission and denials hereinabove set forth with regard to paragraphs "1" through "25" of the amended third-party complaint as repeated and realleged in the paragraph marked and numbered "26" with the same force and effect as though here set forth in their entirety.

5. Third-party defendant Top denies having knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth in the paragraph of the amended third-party complaint marked and numbered "27".

6. Third-party defendant Top denies the truth of each and every allegation set forth in the paragraphs of the amended third-party complaint marked and numbered "28" and "29" insofar as those allegations pertain to it, and denies having knowledge or information sufficient to form a belief with regard to the truth of those allegations insofar as they pertain to other

parties.

## ANSWERING THE SECOND CAUSE OF ACTION

7.  Third-party defendant Top repeats, reiterates and realleges the admission and denials hereinabove set forth with regard to paragraphs "1" through "29" of the amended third-party complaint as repeated and realleged in the paragraph marked and numbered "30" with the same force and effect as though here set forth in their entirety.

8.  Third-party defendant Top denies the truth of each and every allegations set forth in the paragraphs of the amended third-party complaint marked and numbered "31", "32", "33", "34" and "35" insofar as those allegations pertain to it, and denies having knowledge or information sufficient to form a belief with regard to the truth of those allegations insofar as they pertain to other parties.

## ANSWERING THE THIRD CAUSE OF ACTION

9.  Third-party defendant Top repeats, reiterates and realleges the admission and denials hereinabove set forth with regard to paragraphs "1" through "35" of the amended third-party complaint as repeated and realleged in the paragraph marked and numbered "36" with the same force and effect as though here set forth in their entirety.

10.  Third-party defendant Top denies the truth of each and every allegation set forth in the paragraphs of the amended third-party complaint marked and numbered "37", "38" and "39" insofar as those allegations pertain to it, and denies having knowledge or information sufficient to form a belief with regard to the truth of those allegations insofar as they pertain to other parties.

## FIRST AFFIRMATIVE DEFENSE

11.  Third-party defendant Top is not a common carrier or carrier in any category. It never had physical or constructive possession of the cargo/merchandise referred to in the

complaint and in the third-party complaint and is not responsible for the losses alleged in the complaint and in the third-party complaint and cannot be held liable for such losses.

## SECOND AFFIRMATIVE DEFENSE

12. Top Container Line, Inc. is not a common carrier of merchandise, cargo or freight and never had physical possession of the property which is the subject of this lawsuit and cannot therefore be held liable for the losses thereof or for third-party plaintiff's claims against it.

## THIRD AFFIRMATIVE DEFENSE

13. Third-party defendant Top acted as an agent for a disclosed principal in regard to the transactions alleged in the complaint and in the amended third-party complaint and as such has no liability for the losses therein alleged.

## FOURTH AFFIRMATIVE DEFENSE

14. The losses, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff's subrogor or persons and parties other than Top Container Line, Inc. for whose acts it is not liable or responsible, and did not result from any negligence, breach of contract, fault or want of care on the part of Top Container Line, Inc.

## FIFTH AFFIRMATIVE DEFENSE

15. Third-party plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches requiring dismissal of the third-party complaint.

## SIXTH AFFIRMATIVE DEFENSE

16. Top Container Line, Inc. operates under specific standard terms and conditions, which are hereby incorporated herein by reference, which govern the shipments that are the subject of this action. Those terms and conditions bar third-party plaintiff's claims against Top Container Line, Inc. and exonerate it from liability, and limit its liability, if any, to a specified value

for the cargo which was allegedly lost.

## SEVENTH AFFIRMATIVE DEFENSE

17. The alleged losses arose from acts or omissions of agents of plaintiff's subrogor or of third-party plaintiff for which Top Container Line, Inc. is not liable.

## EIGHTH AFFIRMATIVE DEFENSE

18. Third-party plaintiff's claims are barred by documents issued with respect too the subject shipment including, but not limited to, bills of lading, dock receipts, shipper's letters of instructions, and delivery receipts.

## NINTH AFFIRMATIVE DEFENSE

19. Prosecution of the claims alleged in the complaint and in the amended third-party complaint are barred as a matter of law by the applicable statute of limitations, contractual periods of limitations, and/or the doctrine of laches requiring dismissal of the complaint and/or the third-party complaint.

## TENTH AFFIRMATIVE DEFENSE

20. Third-party defendant Top is entitled to the benefit of all exculpatory clauses or similar provisions which exculpate it from liability or which limit its liability, as contained in the terms and conditions of the documents issued with regard to the subject shipments and/or any other documents deemed to be contracts of carriage, to $500 per package and expressly excluding liability for the matters sued upon by plaintiff and/or by the third-party plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

21. The involved ocean carriers or NVOCCs, Hapag-Lloyd, NYK Lines and KASE Container Lines Ltd., issued their own master bills of lading for the subject shipment, HLCUSIN070313406, NYKKS485476155, KASMIA63300 and KASMIAC76397. Top Container Line, Inc. acted as an agent and as such is entitled to the benefit of any and all defenses,

waivers, limitations, exceptions and/or qualifications set forth in the terms and conditions of said bills of lading.

## TWELFTH AFFIRMATIVE DEFENSE

22.     Top Container Line, Inc. was hired as a freight consolidator whose duties and responsibilities are governed by the terms and conditions of its invoices and other documents issued in connection with the subject shipments, including but not limited to, a monetary limitation on the amount of any liability it may have.

## THIRTEENTH AFFIRMATIVE DEFENSE

23.     In the event Top Container Line, Inc. is found to be a carrier, which is denied, then the terms and conditions of the applicable bills of lading will control, including without limitation, Clause 10 titled "Shipper's Responsibility" which states as follows:

> A. The Shipper warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Shipper upon receipt of this Bill of Lading, and that such particulars furnished by, or on behalf of the Shipper are correct.
>
> B. The Shipper shall identify the Carrier against all loss, damage, or expenses arising, or resulting from inaccuracies or inadequacy of such particulars.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, NYK LINE; NIPPON YUSEN KAISHA LINE; NYK LINE (NORTH AMERICA) INC.; HAPAG-LLOYD CONTAINER LINE GMBH; HAPAG-LLOYD (AMERICA) INC.; KASE CONTAINER LINE LTD.; KASE LINES (S) PTE LTD.; KASE LOGISTICS (S) PTE LTD.; CRIMSON LOGISTIC SERVICES PTE LTD.; VEECO CREST CFS; CARGO CONNECTION LOGISTICS; RAMY TRANSPORT CORP.; HEAT EXPRESS and THE HEAT EXPRESS, INC. FOR INDEMNITY AND/OR CONTRIBUTION**

24.     Plaintiff alleges in its underlying complaint that third-party plaintiff, Primary Freight Services, Inc., is liable for the loss from two shipments of merchandise therein identified which

is said to have occurred during transportation from Singapore to Miami, Florida.

25.     Third-party plaintiff alleges that if it is found liable to plaintiff, it will show that plaintiff's damages resulted from third-party defendants' breaches of statutory and/or contractual obligations and their failure to safely transport and deliver the said shipments of merchandise.

26.     In the event third-party defendant Top Container Line, Inc. is found liable to the third-party plaintiff and/or to the plaintiff, such liability will be statutory, vicarious and secondary and will result from the primary and active negligence and/or breaches of contracts on the part of the other third-party defendants.

27.     By reason of the foregoing, third-party defendant Top Container Line, Inc. will be entitled to be indemnified by the other third-party co-defendants in the amount of any judgment obtained against it by the third-party plaintiff and/or the plaintiff, or to receive contribution from the said third-party defendants in the amount which is in excess of its equitable share of the judgment determined in accordance with the relative culpability of each party liable for contribution.

**AS AND FOR A COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF PRIMARY FREIGHT SERVICES, INC.**

28.     Third-party defendant Top repeats, reiterates, and realleges the allegations set forth in paragraphs "24", "25" and "26" hereinabove with the same force and effect as though here set forth in their entirety..

29.     In the event third-party defendant Top Container Line, Inc. is fond liable to the third-party plaintiff and/or to the plaintiff, it will be entitled to contribution from the third-party plaintiff in the amount which is in excess of third-party defendant Top's equitable share of the judgment determined in accordance with the relative culpability of the third-party plaintiff which contributed to cause plaintiff's losses and damages.

**WHEREFORE**, third-party defendant Top Container Line, Inc. demands judgment dismissing the third-party complaint and all cross-claims alleged against it, together with the costs and disbursements of this action, attorneys' fees and other expenses incurred by it.

In the event of a finding of liability against the third-party defendant Top Container Line, Inc., it demands judgment over and against the other third-party defendants in the full amount of such judgment, and/or contribution from the other third-party defendants and the third-party plaintiff in the amount which is in excess of its equitable share of the judgment determined in accordance with the relative culpability of all of the parties who contributed to cause plaintiff's losses and damages.

Dated: Glen Cove, New York
      August 12, 2008           POLIN, PRISCO & VILLAFANE, ESQS.

By: _____
ANDREW D. POLIN, ESQ. (ADP7804)
*Attorneys for Third-Party Defendant,*
  *TOP CONTAINER LINE, INC.*
One School Street - Suite 206
Glen Cove, New York 11542
(516) 671-5300

TO:    BADIAK & WILL, LLC
*Attorneys for Plaintiff*
106 Third Street
Mineola, New York 11501

COZEN O'CONNOR
*Attorneys for Third-Party Plaintiff*
45 Broadway Atrium, Suite 1600
New York, New York 10006
Tel: 212 509-9400
Fax: 212 509-9492
File No.: 223293