UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TM ASIA INSURANCE SINGAPORE, LTD.
A/S/O PERFUMES DISTRIBUTORS, INC.,

                Plaintiffs,                        Docket No. 08-CV-3729(SAS)

   -v-

PRIMARY FREIGHT SERVICES, INC.,
                                                **ANSWER OF THIRD-PARTY**
                Defendant.                   **DEFENDANT VEECO HOLDINGS, LLC**
---------------------------------------------------------------X    **TO THE AMENDED THIRD-PARTY**
PRIMARY FREIGHT SERVICES, INC.,                      **COMPLAINT**

                Third Party Plaintiffs,

   -v-

NYK LINE; NIPPON YUSEN KAISHA LINE;
NYK LINE (NORTH AMERICA), INC.;
HAPAG-LLOYD CONTAINER LINIE GMBH;
HAPAG-LLOYD (AMERICA) INC.; KASE
CONTAINER LINE LTD.; KASE LINES (S) PTE
LTD.; KASE LOGISTICS (S) PTE LTD.; TOP
CONTAINER LINE. INC.; CRIMSON LOGISTIC
SERVICE PTE LTD.; VEECO CREST CFS;
CARGO CONNECTION LOGISTICS; RAMY
TRANSPORT CORP.; HEAT EXPRESS and THE
HEAT EXPRESS, INC.

                Third Party Defendants.
---------------------------------------------------------------X

      Third-party defendant, Veeco Holdings, LLC, d/b/a Veeco Crest CFS improperly pled as Veeco Crest CFS ("Veeco"), through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Amended Third-Party Complaint of Primary Freight Services, Inc., ("Primary"), hereby alleges and says the following on information and belief:

      1.      Third-party defendant Veeco denies having knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth in the paragraphs of the Amended Third-Party Complaint marked and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15,

17, 18, 19, 20, 22, 23 and 24.

  2. Third-party defendant Veeco admits the allegations set forth in the paragraph of the Amended Third-Party Complaint marked and number 11.

  3. Third-party defendant Veeco denies the truth of each and every allegation set forth in the paragraphs of the Amended Third-Party Complaint marked and numbered 16, 21 and 25 insofar as they pertain to it, and denies having knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to other parties.

## ANSWERING THE FIRST CAUSE OF ACTION

  4. Third-party defendant Veeco repeats, reiterates and realleges the admission and denials hereinabove set forth with regard to paragraphs 1 through 25 of the Amended Third-Party Complaint as repeated and realleged in the paragraph marked and numbered 26 with the same force and effect as though here set forth in their entirety.

  5. Third-party defendant Veeco denies the truth of each and every allegation set forth in the paragraphs of the Amended Third-Party Complaint marked and numbered 27, 28 and 29 insofar as those allegations pertain to it, and denies having knowledge or information sufficient to form a belief with regard to the truth of those allegations insofar as they pertain to other parties.

## ANSWERING THE SECOND CAUSE OF ACTION

  6. Third-party defendant Veeco repeats, reiterates and realleges the admission and denials hereinabove set forth with regard to paragraphs 1 through 29 of the Amended Third-Party Complaint as repeated and realleged in the paragraph marked and numbered 30 with the same force and effect as though here set forth in their entirety.

  7. Third-party defendant Veeco denies the truth of each and every allegations set

forth in the paragraphs of the Amended Third-Party Complaint marked and numbered 31, 32, 33, 34 and 35 insofar as those allegations pertain to it, and denies having knowledge or information sufficient to form a belief with regard to the truth of those allegations insofar as they pertain to other parties.

### ANSWERING THE THIRD CAUSE OF ACTION

8. Third-party defendant Veeco repeats, reiterates and realleges the admission and denials hereinabove set forth with regard to paragraphs 1 through 35 of the Amended Third-Party Complaint as repeated and realleged in the paragraph marked and numbered 36 with the same force and effect as though here set forth in their entirety.

9. Third-party defendant Veeco denies the truth of each and every allegation set forth in the paragraphs of the Amended Third-Party Complaint marked and numbered 37, 38 and 39 insofar as those allegations pertain to it, and denies having knowledge or information sufficient to form a belief with regard to the truth of those allegations insofar as they pertain to other parties.

### FIRST AFFIRMATIVE DEFENSE

10. The Amended Third-party Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

11. The losses, if any, sustained by third-party plaintiff, resulted wholly and solely from the fault, neglect and want of care of third-party plaintiff or persons and parties other than Veeco for whose acts Veeco is not liable or responsible, and did not result from any negligence, breach of contract, fault or want of care on the part of Veeco.

### THIRD AFFIRMATIVE DEFENSE

12. Third-party plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches requiring dismissal of the Amended Third-Party Complaint.

### FOURTH AFFIRMATIVE DEFENSE

13. Third-party defendant Veeco operates under specific standard terms and conditions, which are hereby incorporated herein by reference, which govern the shipments that are the subject of this action. Those terms and conditions bar third-party plaintiff's claims against Veeco and exonerate it from liability and limit its liability, if any.

### FIFTH AFFIRMATIVE DEFENSE

14. The alleged losses arose from acts or omissions of agents of third-party plaintiff for which Veeco is not liable.

### SIXTH AFFIRMATIVE DEFENSE

15. Third-party plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, shipper's letters of instructions, and delivery receipts.

### SEVENTH AFFIRMATIVE DEFENSE

16. Prosecution of the claims alleged in the Amended Third-Party Complaint are barred as a matter of law by the applicable statute of limitations, contractual periods of limitations, and/or the doctrine of laches requiring dismissal of the Amended Third-Party Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

17. Third-party defendant Veeco is entitled to the benefit of all exculpatory clauses

or similar provisions which exculpate it from liability or which limit its liability, as contained in the terms and conditions of the documents issued with regard to the subject shipments.

### NINTH AFFIRMATIVE DEFENSE

18. The involved ocean carriers or NVOCCs, Hapag-Lloyd, NYK Lines and KASE Container Lines Ltd., issued their own master bills of lading for the subject shipments. Veeco is entitled to the benefit of any and all defenses, waivers, limitations, exceptions and/or qualifications set forth in the terms and conditions of said bills of lading.

### TENTH AFFIRMATIVE DEFENSE

19. Third-party defendant Veeco cannot be held liable for cargo loss or damage pursuant to applicable federal statutes governing the transportation of goods for hire.

### ELEVENTH AFFIRMATIVE DEFENSE

20. Venue is improper.

### TWELFTH AFFIRMATIVE DEFENSE

21. This action should be dismissed on the ground of forum non conveniens.

### RESERVATION OF RIGHTS

22. Veeco reserves its right to amend its Answer to the Amended Third-Party Complaint to assert additional Affirmative Defenses upon the completion of investigation and discovery herein.

### AS AND FOR A CROSS-CLAIM AGAINST ALL CO-DEFENDANTS FOR INDEMNITY AND/OR CONTRIBUTION

23. Plaintiff alleges in its underlying Complaint that third-party plaintiff, Primary Freight Services, Inc., is liable for the loss from two shipments of merchandise therein identified which is said to have occurred during transportation from Singapore to Miami, Florida.

24.     Third-party plaintiff alleges that if it is found liable to plaintiff, it will show that plaintiff's damages resulted from third-party defendants' breaches of statutory and/or contractual obligations and their failure to safely transport and deliver the said shipments of merchandise.

25.     In the event third-party defendant Veeco is found liable to the third-party plaintiff and/or to the plaintiff, such liability will be statutory, vicarious and secondary and will result from the primary and active negligence and/or breaches of contracts on the part of the other third-party defendants.

26.     By reason of the foregoing, third-party defendant Veeco will be entitled to be indemnified by the other third-party co-defendants in the amount of any judgment obtained against it by the third-party plaintiff and/or the plaintiff, or to receive contribution from the said third-party defendants in the amount which is in excess of its equitable share of the judgment determined in accordance with the relative culpability of each party liable for contribution.

### AS AND FOR A COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF PRIMARY FREIGHT SERVICES, INC.

27.     Third-party defendant Veeco repeats, reiterates, and realleges the allegations set forth in paragraphs 23, 24, 25 and 26 hereinabove with the same force and effect as though here set forth in their entirety.

28.     In the event third-party defendant Veeco is found liable to the third-party plaintiff and/or to the plaintiff, it will be entitled to contribution from the third-party plaintiff in the amount which is in excess of third-party defendant Veeco's equitable share of the judgment determined in accordance with the relative culpability of the third-party plaintiff which contributed to cause plaintiff's losses and damages.

**WHEREFORE,** third-party defendant Veeco demands judgment dismissing the Amended Third-Party Complaint and all cross-claims alleged against it, together with the costs

and disbursements of this action, attorneys' fees and other expenses incurred by it.

In the event of a finding of liability against the third-party defendant Veeco, it demands judgment over and against the other third-party defendants in the full amount of such judgment, and/or contribution from the other third-party defendants and the third-party plaintiff in the amount which is in excess of its equitable share of the judgment determined in accordance with the relative culpability of all of the parties who contributed to cause plaintiff's losses and damages.

Dated:  New York, New York
       August 28, 2008

                              McElroy, Deutsch, Mulvaney & Carpenter, LLP
                              Attorneys for Third-Party Defendant
                              Veeco Holdings, LLC

                              By  s/Adam R. Schwartz_____
                                 Adam R. Schwartz, Esq.
                                 88 Pine Street, 24th Floor
                                 New York, NY 10005